# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 11:12 am, May 05, 2017*

THOMAS FRANKLIN WOODY,

    Petitioner,

v.

WARDEN J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-135

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Thomas Franklin Woody ("Woody"), who is currently incarcerated at the Williamsburg Federal Correctional Institute in Salters, South Carolina ("FCI Williamsburg"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Woody's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Woody *in forma pauperis* status on appeal.

## BACKGROUND

From April 12, 2013, to November 18, 2016, Woody was incarcerated at the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"). On November 18, 2016, Woody was transferred to FCI Williamsburg. (Doc. 12-1, p. 19.) He has a projected release date of October 8, 2019. (Doc. 12-1, p. 8.)

On October 3, 2016, Woody filed this Petition contesting the conditions of his confinement. (Doc. 1.) In particular, Woody claims that Respondent violated his Eighth Amendment and Fourteenth Amendment rights by placing him in administrative segregation.

Woody requests that this Court transfer him to the Federal Correctional Institute in Butner, South Carolina, and release him from segregation. (Docs. 1, 3.)

## DISCUSSION

### I. Whether Woody Sets Forth Habeas Corpus Relief

Although Woody brings this action under 28 U.S.C. § 2241, the contentions he sets forth and the relief he seeks fall outside the purview of that statute. Woody's claims would ordinarily be brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The distinction between claims which may be brought under Bivens and those which must be brought as habeas petitions is reasonably well settled. Claims in which federal prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence are Bivens actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994). Habeas actions, in contrast, explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment). Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a Bivens claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Woody cannot bring the claims he asserts via a habeas petition. His claims concerning deliberate indifference to medical needs and placement in administrative segregation contest the conditions of his confinement and are not cognizable pursuant to 28 U.S.C. § 2241. Moreover, he does not seek to challenge his sentence or conviction or the duration of his confinement. Rather, he simply requests a transfer to a different penal institution and a release back into general population. Accordingly, the Court should **DISMISS** Woody's Petition.

**II.     Whether Woody can Bring his Claims Pursuant to <u>Bivens</u>**

"Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." <u>Retic v. United States</u>, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." <u>Rameses v. United States District Court</u>, 523 F. App'x 691, 694 (11th Cir. 2013). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the motion and its underlying legal basis." <u>Id.</u> (quoting <u>Castro</u>, 540 U.S. at 381–82).

However, it would be futile and, thus, improper to recharacterize Woody's Petition as a <u>Bivens</u> action. Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" <u>Strickland v. Alexander</u>, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." <u>Id.</u> There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." <u>Harrell v. The Fla. Bar</u>, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). With regard to the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" <u>Church of Scientology of Cal. v. United States</u>, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy

with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

As noted above, Respondent alerts the Court that, since the filing of this Petition, Woody was transferred to FCI Williamsburg and is beyond the control of Respondent. (Doc. 12, p. 1; Doc. 12-1, p. 19.) Accordingly, there is no longer a "live controversy" between Woody and Respondent over which the Court can give the injunctive relief Woody seeks. Friends of Everglades, 570 F.3d at 1216. Consequently, Woody cannot bring a Bivens action against the named Respondent.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Woody leave to appeal *in forma pauperis*. Though Woody has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]") (italics supplied). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189

F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the Woody's Petition, the Court should **DENY** Woody *in forma pauperis* status on appeal, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** Woody's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Woody *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of May, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA